IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **HERLINDO GONZALEZ**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:12-CV-1708-L** |
| § | |
| **AMERICAN HOME MORTGAGE** § | |
| **SERVICING, INC.** n/k/a **HOMEWARD** § | |
| **RESIDENTIAL INC.,** as servicer for Wells § | |
| Fargo Bank, N.A.**; WELLS FARGO BANK,** § | |
| **N.A.** as Trustee for Structured Asset Securities § | |
| Corporation, Mortgage Pass-Through § | |
| Certificates, Series 2006-OPT1**; and SAND** § | |
| **CANYON CORPORATION** f/k/a § | |
| Option One Mortgage Corporation, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed June 26, 2012. After careful consideration of the motion, briefs of the parties, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

**I.      Background**

Herlindo Gonzalez ("Plaintiff" or "Gonzalez") originally filed this action on March 14, 2012, in the 160th Judicial District Court, Dallas County, Texas, against American Home Mortgage Servicing, Inc. n/k/a Homeward Residential Inc., as servicer for Wells Fargo Bank, N.A.; Wells Fargo Bank, N.A. as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-OPT1; and Sand Canyon Corporation f/k/a Option One Mortgage Corporation (collectively, "Defendants"). Gonzalez brought claims for wrongful foreclosure, breach

of contract, violation of the Texas Deceptive Trade Practices Act ("TDTPA"), and violation of the Fair Debt Collection Practices Act ("FDCPA"). He sought actual damages, punitive damages, injunctive relief, attorney's fees and court costs, and prejudgment and postjudgment interest.

On June 1, 2012, Defendants removed the state action to federal court by filing their Notice of Removal. Defendants removed on the basis of a federal question, as Gonzalez had alleged claims under the FDCPA, 15 U.S.C. §§ 1690f, 1692e(2),(5), 1692f(6), and 1692g(a)(1). On June 8, 2012, Defendants' Motion to Dismiss and Alternative Motion for a More Definite Statement was filed. In response, Gonzalez filed Plaintiff's First Amended Complaint and Application for Injunctive Relief (the "Amended Complaint") on June 26, 2012. In the Amended Complaint, Plaintiff eliminated his original claims and added two new claims. The most significant point with respect to motion to remand is that the Amended Complaint omits the FDCPA claim that is the basis for this court's jurisdiction. Plaintiff also eliminated his state law claims of wrongful foreclosure, breach of contract, and violation of the TDTPA; his Amended Complaint adds state law claims under the Texas Debt Collection Practices Act and Chapter 12 of the Texas Civil Practice and Remedies Code.

Plaintiff contends that, because no federal claim remains, the court should decline to exercise its supplemental jurisdiction over the remaining pendent state law claim pursuant to 28 U.S.C. § 1367 and remand this action to state court. Defendants, on the other hand, contend that remand would be inefficient and inequitable and therefore not proper. The court disagrees.

**II.     Analysis**

The Supreme Court case of *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), addresses the discretion of a district court to remand an action to state court when no federal claims

remain in the action. *See also* 28 U.S.C. § 1367(c)(3). In *Carnegie-Mellon*, the Court specifically considered whether the appellate court was correct in denying a petition for a writ of mandamus against a district judge. The underlying action in *Carnegie-Mellon* involved two plaintiffs who brought claims in state court relating to the termination of one of the plaintiff's employment with a university. 484 U.S. at 345. Plaintiffs brought both state and federal claims in the state court action. *Id*. Defendants removed the case to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a). *Id.* Six months after the case was removed, the plaintiffs moved to amend their complaint and omit certain claims, including their only federal claim for age discrimination. *Id*. at 346. They also filed a motion to remand the case, conditioned upon the court granting their motion for leave to amend. *Id*. The court granted the motion for leave to amend and then remanded the remaining state claims to state court. *Id*.

The defendants then filed a petition for a writ of mandamus against the district court judge with the United States Court of Appeals for the Third Circuit. *Id*. at 347. Initially, a panel granted the petition. *Id*. Later, the court, sitting *en banc*, vacated the panel opinions and the writ of mandamus. *Id*. at 348. The Supreme Court then granted *certiorari* to "resolve the split among the Circuits as to whether a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain." *Id*. The Court held that a district court has such discretion. It concluded:

> [A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*Id.* at 357. While a postremoval amendment deleting all federal claims does not divest a court of subject matter jurisdiction, *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994) (citations omitted), a court, nonetheless, may exercise its discretion to remand to state court or retain jurisdiction over the state claims after it has duly considered the factors listed by the Supreme Court. *Carnegie-Mellon*, 484 U.S. at 357. In this case, several strong reasons exist for this court to decline to exercise its jurisdiction over the state claims.

First, the only federal claim has been omitted by the Amended Complaint, and "[w]hen the single federal-law claim in the action [has been] eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351. This action is in its early stages, as it is not even three months old, and the court has not issued a scheduling order. Accordingly, a compelling reason exists to remand this action to state court.

Second, state courts are more familiar with, and usually better suited to address, state law claims. The court sees no reason to exercise its jurisdiction over the two state law claims asserted in the Amended Complaint. In the same vein, the court notes that Gonzalez initially elected to file his lawsuit in state court, and it is unaware of Gonzalez engaging in any manipulative tactics or gamesmanship. Gonzalez initially expressed a preference for state court, and when Defendants removed the action, he eliminated the federal claim, which he had a right to do.

Finally, this action was removed less than three months ago, the court has not issued a scheduling order, and no discovery has occurred. Defendants have not convinced the court that they will suffer any legal prejudice or be materially inconvenienced if the action is remanded to state court. For all the reasons previously stated, the court believes remand of this case is appropriate.

**III.    Conclusion**

For the reasons herein stated, the court **declines** to exercise jurisdiction over the pendent state claims in the Amended Complaint and **determines** that this action should be remanded to state court.  Accordingly, the court **grants** Plaintiff's Motion to Remand and **remands** this action to the 160th Judicial District Court, Dallas County, Texas.  The clerk of the court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 30th day of August, 2012.

_____
Sam A. Lindsay
United States District Judge